Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MAYNOR ALBINO JUAREZ NIZ, ) | |
| ) | |
| ) | Case No. 1:25-cv-12871-DJC |
| Petitioner-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| PATRICIA HYDE, Acting Field Office Director; ) | |
| TODD LYONS, Acting Director, U.S. ) | |
| SIRCE OWEN, Acting Director, Executive Office ) | |
| For Immigration Review; ) | |
| PAMELA BONDI, U.S. Attorney General; ) | |
| and KRISTI NOEM, U.S. Secretary ) | |
| of Homeland Security, ) | |
| ) | |
| Respondents-Defendants. ) | |
| _____) | |

**PETITIONER'S REPLY IN SUPPORT OF PETITION FOR WRIT OF HABEAS**
**CORPUS PURSUANT TO 28 U.S.C. § 2241**

**INTRODUCTION**

1

Petitioner, Maynor Albino Juarez Niz, by and through Undersigned Counsel, respectfully submits this Reply in further support of his Petition for Writ of Habeas Corpus. Respondents' opposition rests on a legally erroneous interpretation of 8 U.S.C. § 1225(b)(2) that has been repeatedly rejected by federal courts in this District and nationwide.

Mr. Juarez Niz has lived in the United States since 2019, has been in ongoing removal proceedings for years, and was previously released on bond under 8 U.S.C. § 1226(a). His recent re-detention—without any new removal order or criminal predicate—violates both statute and due process. ICE's claim that § 1225(b)(2) mandates indefinite detention for every person who entered without inspection collapses the distinction between "arriving aliens" and those long present in the United States, contrary to congressional intent, First Circuit precedent, and binding district decisions.

## I. PETITIONER IS LAWFULLY DETAINED, IF AT ALL, UNDER 8 U.S.C. § 1226(a)

Petitioner is present in the United States and, on information and belief, DHS has alleged or will allege that he was not previously admitted or paroled into the United States. Even if true, that fact does not place him within § 1225(b)'s mandatory-detention framework.

### A. Section 1225(b)(1) Does Not Apply

Petitioner cannot be subject to mandatory detention under § 1225(b)(1), including because he does not meet the criteria for expedited removal. See *Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025). He was never apprehended at or near the border, and DHS long ago placed him in standard removal proceedings under § 1229a.

### B. Section 1225(b)(2) Does Not Apply

Petitioner likewise cannot be subject to mandatory detention under § 1225(b)(2), including because, as a person already present in the United States, he is not presently "seeking admission." See *Aguiriano v. Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025). Courts in this District—including *Doe v. Moniz*, *Sampaio v. Hyde*, and *Rocha v. Hyde*—have uniformly rejected the government's argument that every person who entered without inspection remains an "applicant for admission" indefinitely.

On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore could not "be returned" under that provision to any form of mandatory custody under § 1225(b). For this additional reason, § 1225(b) does not apply.

Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject—if at all—to detention pursuant to 8 U.S.C. § 1226. See *Aguiriano*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

**C. Section 1226(c) Does Not Apply**

Petitioner is not lawfully subject to mandatory detention under § 1226(c) because he has not been convicted of any crime that triggers that statute. See *Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (approving only brief mandatory detention for individuals convicted of enumerated offenses who concede removability).

Accordingly, Petitioner's custody falls within § 1226(a).

**II. PETITIONER IS ENTITLED TO A PROMPT BOND HEARING UNDER § 1226(a)**

As a person detained under § 1226(a), Petitioner is entitled, upon request, to a custody redetermination (bond hearing) before an Immigration Judge, with robust procedural protections. See *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st

3

Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021); 8 C.F.R. §§ 236.1(d), 1003.19(a)-(f).

Petitioner has requested such a hearing. However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a precedential decision purporting to strip Immigration Judges of jurisdiction to grant bond hearings to noncitizens in Petitioner's position. As a result, the agency has predetermined that Petitioner will be denied a hearing—an outcome inconsistent with the INA, the Fifth Amendment, and controlling First Circuit precedent.

### III. EXHAUSTION IS NOT REQUIRED

Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing. "[O]bviously, the loss of liberty is a … severe form of irreparable injury." *Aguiriano*, 2025 WL 2403827, at *6-8* (quotation omitted); *Flores-Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) ("A loss of liberty may be an irreparable harm."). The Immigration Court lacks jurisdiction to adjudicate the constitutional issues raised here, and any attempt to do so would be futile. *See Flores-Powell*, 677 F. Supp. 2d at 463 (exhaustion excused where BIA lacks authority to resolve constitutional questions).

Accordingly, no further exhaustion is required. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 77-78 (1st Cir. 1997) (exhaustion excused where remedies are futile, cause irreparable harm, or yield predetermined outcomes); *Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025)* ("[E]xhaustion is not required by statute in this context.").

### IV. CONCLUSION

For all these reasons, Petitioner's detention is unauthorized by statute and violates the Due Process Clause. This Court should grant the Petition for Writ of Habeas Corpus and order either:

1. Immediate release, or
2. A custody redetermination hearing before an Immigration Judge within seven (7) days, at which the government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary to prevent flight or danger to the community.

Respectfully Submitted,

By His Attorney,

*/s/ Kevin MacMurray*
Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza
Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

DATED: 10/17/2025

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 17 day of October, 2025.

 */s/    Kevin MacMurray*
Kevin MacMurray